Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTERS FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF UNITED STATES TRADE REPRESENTATIVE, <br><br> Defendant. | NO.  C07-1979RAJ <br><br><br><br><br><br> **JOINT STATUS REPORT** |

COME NOW the parties in the above-captioned action and, pursuant to this Court's Order dated January 16, 2008, hereby submit the following Joint Status report:

1. This action arises from a Freedom of Information Act ("FOIA") request submitted by Plaintiffs to the Office of United States Trade Representative ("OUSTR"). Plaintiffs allege that OUSTR did not timely act upon their FOIA request and seek relief under FOIA and the Administrative Procedure Act.  OUSTR has produced some documents in response to Plaintiffs' request and expects shortly to produce additional documents.  Future proceedings are likely to address whether, as a matter of law, OUSTR violated FOIA and whether various documents determined by OUSTR to be exempt from release under FOIA fall within FOIA's statutory exemptions.  The case is of average complexity.

JOINT STATUS REPORT - 1
No. C07-1979RAJ

1    2.	Given the nature of this action and the parties' belief that the case
2 involves issues of law to be resolved by one or more dispositive motions, the parties do
3 not believe that ADR is appropriate in this matter.
4    3.	See response to #2 above.
5    4.	All necessary parties have been joined.
6    5.	(A)  The FRCP 26(f) conference took place on February 6, 2008.  Given
7 the nature of this action and the parties' belief that the case involves issues of law to be
8 resolved by one or more dispositive motions, the parties do not believe that Initial
9 Disclosures are necessary.
10       (B) Until such time as they have had an opportunity to review all
11 documents produced and withheld by OUSTR, Plaintiffs reserve the right to conduct
12 discovery on the issue of whether OUSTR identified all potentially responsive
13 documents to Plaintiffs' FOIA request and on OUSTR's delay in providing documents.
14 Plaintiffs cannot assess discovery needs without first reviewing the documents they
15 requested under FOIA a year ago and have not seen, because OUSTR has not yet
16 produced the documents, and OUSTR has not yet complied with FOIA.  Plaintiffs
17 contend it would be inappropriate to preclude discovery under these circumstances.
18 OUSTR does not believe that discovery is either appropriate or necessary in this FOIA
19 action. *See, e.g., Van Meechelen v. U.S. Department of Interior*, No. C05-5393, 2005
20 WL 3007121, at *5 (W.D. Wash. November, 2005) (Leighton, J) ("Discovery is not
21 ordinarily part of a FOIA case.").
22       (C) None.
23       (D) Any discovery that takes place in this action is expected to be limited
24 and the parties commit to work with one another so as to avoid undue burden and
25 expense.
26       (E) None.
27    6.	OUSTR expects to produce all responsive documents to Plaintiffs no later
28 than March 30, 2008 and to provide a *Vaughn* Index, or such other index as the parties

JOINT STATUS REPORT - 2
No. C07-1979RAJ

1  may agree is appropriate, as soon thereafter as possible, but no later than April 30,
2  2008.  Plaintiffs expect they can complete any discovery they believe is necessary
3  within 120 days of OUSTR's providing Plaintiffs its index of withheld documents.
4          7.      The parties do NOT agree to assignment of all further proceedings in this
5  matter to a Magistrate Judge.
6          8.      Bifurcation is not appropriate in this case.
7          9.      At this time, anticipating that this case will be resolved on one or more
8  dispositive motions, the parties believe that pre-trial statements and a pre-trial order
9  may be dispensed with.  The parties separately reserve the right to revisit this issue as
10 this matter progresses.
11         10.     OUSTR has none.  Plaintiffs reserve the right to seek injunctive relief.
12         11.     In the unlikely event a trial were necessary in this matter, an eventuality
13 none of the parties foresees, the case would be ready for trial on or after November 3,
14 2008.
15         12.     Any trial would be non-jury.
16         13.     The parties estimate a trial in this case would last two days.
17         14.     The names and contact information of trial counsel appear below.
18         15.     Service is complete.
19         16.     A Scheduling Order may be issued forthwith.

21 Dated this 29th day of February, 2008.

                                                Respectfully submitted,

                                                 /s/ Karl F.Forgaard
                                                Karl F. Forsgaard, WSBA #12639
                                                Peter R. Goldman, WSBA #14789
                                                Paul A. Kampmeier, WSBA #31560
                                                615 Second Avenue, Suite 360
                                                Seattle, WA 98104
                                                Phone: 206-223-4088
                                                E-mail: kforsgaard@wflc.org

JOINT STATUS REPORT - 3
No. C07-1979RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1
2  JEFFREY C. SULLIVAN
   United States Attorney
3
    s/ Harold Malkin
4  HAROLD MALKIN, WSBA #30986
   Assistant United States Attorney
5  United States Attorney's Office
   700 Stewart Street, Suite 5220
6  Seattle, Washington 98101-1271
   Phone: 206-553-7970
7  Fax:    206-553-4067
   E-mail: harold.malkin@usdoj.gov
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STATUS REPORT - 4
No. C07-1979RAJ