HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

    Plaintiffs,

    v.

OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE,

    Defendant.

CASE NO. C07-1979RAJ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Richard A. Jones, United States District Judge:

The court has received the Plaintiffs' objections to Defendant's submission for *in camera* review (Dkt. # 41). The court is aware of the related case, *Forest Stewardship Council-U.S. et al. v. Office of the United States Trade Representative et al.*, No. 08-1358RAJ, and of the pending motion to dismiss in that case. It was the court's understanding, however, that the *in camera* review in this case was unrelated to the pending motion to dismiss in the related case, in the sense that the court could rule on the motion to dismiss before issuing any order related to the *in camera* review in this case (or vice versa). In communications with this court, Plaintiffs' counsel affirmed that the

pending motion to dismiss in the related case could be considered independently from this case. This issue was discussed specifically in the scheduling of the oral argument on the motion to dismiss, in that Plaintiffs' counsel represented that the motion to dismiss could be argued before the *in camera* review even began.

In light of this history, the court seeks clarification as to an issue raised in Plaintiffs' objections. Plaintiffs ask the court to "scrutinize the *in camera* documents for evidence relevant to the MRA-NEPA case." Pltfs.' Resp. at 5. The court directs the Plaintiffs to supplement their response to address their position on the relationship between the *in camera* review in this case and the pending motion to dismiss in the related case. Specifically, is it Plaintiffs' position that the two issues pending before this court (the motion to dismiss and the *in camera* review) can be considered independently? The court is aware that the FOIA documents at issue in this case may constitute the administrative record in the related case, *see* Pltfs.' Mot. (Dkt. # 28) at 26, but the court seeks clarification specifically as to the relationship (if any) between the *in camera* review in this case and the *pending motion to dismiss* in the related case (not the related case as a whole).

The Plaintiffs may file a supplemental response of no more than three pages in length no later than April 21, 2009. The court will provide the Defendant an opportunity to reply regarding this issue and/or other issues, with specifications provided in a future minute order.

DATED this 17th day of April, 2009.

BRUCE RIFKIN,
Clerk of the Court

 /s/ Consuelo Ledesma
Deputy Clerk